# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|                          |   |                           |
|--------------------------|---|---------------------------|
|                          | ) | CASE NO. 05-68481         |
|                          | ) |                           |
| IN RE:                   | ) | CHAPTER 7                 |
|                          | ) |                           |
| ROBERT GEORGE MORRIS,    | ) | JUDGE RUSS KENDIG         |
| JENNIFER SUE MORRIS,     | ) |                           |
|                          | ) |                           |
| Debtors.                 | ) | **MEMORANDUM OF OPINION** |
|                          | ) | **(WRITTEN OPINION)**     |

This matter is before the court upon a motion for authority to approve the public sale of personal property of the estate ("motion"). The trustee seeks confirmation of the sale of certain estate property. For the reasons set forth herein, the court denies the motion.

The motion states that personal property of the estate was inadvertently sold at public auction on February 24, 2006. The motion contained a twenty day objection period as required under Federal Rule of Bankruptcy Procedure 2002(a)(2) and no objections were filed. However, the court cannot grant the motion because the notice requirements for the sale were not met.

Federal Rule of Bankruptcy Procedure 6004(a) states that notice of a proposed sale of property not in the ordinary course of business "shall be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k)..." Fed. R. Bankr. P. 6004(a). Pursuant to Rule 2002, twenty day notice should be provided to parties in interest "unless the court for cause shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2). This notice must contain the time and place of public sale. Fed. R. Bankr. P. 2002(c)(1). While Rule 2002(l) does contemplate constructive notice by publication, this section is not applicable in this case, as it requires that the court find that notice by mail is impracticable prior to the notice being issued and the sale conducted.

1

In Mullane v. Central Hanover Bank & Trust Co., a hallmark of American jurisprudence, the Supreme Court stated that a fundamental aspect of due process is "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. 306, 314 (1950) (citing Milliken v. Meyer, 311 U.S. 457 (1940)).[1] Similarly, though the Bankruptcy Code allows for the elimination of hearings in certain circumstances, there is no parallel provision allowing for the dispensation of notice altogether. Philip A. Schovanec, Bankruptcy: The Sale of Property Under Section 363: The Validity of Sales Conducted without Proper Notice, 46 Okla. L. Rev. 489 (1993).

In the present case, none of the parties in interest received notice as required by Rules 2002 and 6004. Because of the strict nature of the notice requirements concerning a sale of property under 11 U.S.C. § 363 and the importance of providing due process to all affected parties, the court must deny the trustee's motion.

It is so ordered.

/s/ Russ Kendig

RUSS KENDIG
U.S. BANKRUPTCY JUDGE

AUG 24 2006

---

[1] Notice is of particular importance when a trustee proposes to sell property because, if no objections are filed, the sale can progress without a hearing. Lawrence P. King, Collier on Bankruptcy ¶ 2002.02[6][b] (15th ed. rev. 2005).

2

# SERVICE LIST

Robert & Jennifer Morris
3330 Genoa Ave. SW
Canton, OH 44706

Anne Piero Silagy
220 Market Ave. S
#300
Canton, OH 44702

Robert H. Cyperski
1201 30th Street NW
Suite 04-B
Canton, OH 44709

Bruce Schrader
Roetzel and Andress
222 S. Main Street
Suite 400
Akron, OH 44308

3